UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT FOSTER, | ) Case No. 5:18-cv-01362 |
| Plaintiff, | ) ) JUDGE SARA LIOI |
| v. | ) ) |
| PILOT TRAVEL CENTERS, LLC, | ) **DEFENDANT'S ANSWER AND** ) **AFFIRMATIVE DEFENSES TO** ) **PLAINTIFF'S COMPLAINT** |
| Defendant. | ) ) |

For its Answer to the Complaint filed by Plaintiff Robert Foster ("Foster" or "Plaintiff"), Defendant Pilot Travel Centers LLC ("Defendant"), by and through the undersigned counsel, admits, denies and states as follows:

## PARTIES

1.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies them.

2.  Defendant states that it is a limited liability company incorporated under the laws of the State of Delaware, is registered to conduct business in the State of Ohio, and maintains a corporate headquarters located at 5508 Lonas Drive, Knoxville, Tennessee 37909. Defendant denies any remaining allegations in Paragraph 2 of the Complaint.

3.  Defendant admits the allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.  Defendant states that the allegations in Paragraph 4 are legal conclusions to which no response is required. To the extent this Court requires a response, Defendant states this Court is a court of general jurisdiction and that, based on the allegations in the Complaint, this Court has original jurisdiction over this action.

5. Defendant states that the allegations in Paragraph 5 are legal conclusions to which no response is required. To the extent this Court requires a response, Defendant states that Plaintiff's complaint alleges two separate causes of action for retaliation under Ohio Revised Code Section 4112.02(I). Defendant denies any remaining allegations in Paragraph 5 of the Complaint.

6. Defendant states that the allegations in Paragraph 6 are legal conclusions to which no response is required. To the extent this Court requires a response, Defendant states that this Court has supplemental jurisdiction over Plaintiff's state law claims.

**7.** Defendant states that the allegations in Paragraph 7 are legal conclusions to which no response is required. To the extent this Court requires a response, Defendant states that venue is proper in this Court.

## FACTUAL BACKGROUND

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant states that it hired Plaintiff on or about June 25, 2015 as a Regional Transportation Manager. Defendant denies any remaining allegations in Paragraph 9 of the Complaint.

10. Defendant states that it hired Charles Williams ("Mr. Williams") on or about September 8, 2016 as its Vice President of Business Development and Crude Oil. Defendant denies any remaining allegations in Paragraph 10 of the Complaint.

11. Defendant states that it hired Matt Hubert ("Mr. Hubert") on or about June 5, 2017 as its Manager, Commercial Business Development. Defendant denies any remaining allegations in Paragraph 11 of the Complaint.

12. Defendant states that it promoted Plaintiff on or about September 21, 2017 to the position of Senior Manager of Crude Operations and that Plaintiff received an increase in pay as

part of the promotion. Defendant denies any remaining allegations in Paragraph 12 of the Complaint.

13. Defendant states that, on or about October 2017, Plaintiff began directly reporting to Defendant's Director of Transportation and Logistics, Joe Patterson ("Mr. Patterson"). Defendant denies any remaining allegations in Paragraph 13 of the Complaint.

14. Defendant states that, between October 1, 2017 and March 31, 2018, Mr. Patterson was one of Mr. Williams' direct reports. Defendant denies any remaining allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18. The allegations in Paragraph 18 of the Complaint are too vague and ambiguous for Defendant to respond to in their current form. To the extent that this Court requires a response, Defendant states that it cannot speak to information and beliefs held by Plaintiff and therefore denies the allegations in Paragraph 18 of the Complaint.

19. Defendant states that, on or about November 6, 2017, Defendant's Human Resource Business Partner, Scott Garris ("Mr. Garris"), contacted Plaintiff regarding an investigation into reports concerning Mr. Williams. Defendant denies any remaining allegations in Paragraph 19 of the Complaint.

20. Defendant admits that, on or about November 6, 2017, Mr. Garris spoke with Plaintiff. Defendant denies any remaining allegations in Paragraph 20 of the Complaint.

21. Defendant admits that, on or about November 10, 2017, Plaintiff emailed Mr. Garris. Defendant denies any remaining allegations in Paragraph 21 of the Complaint.

22. Defendant states that in the email Plaintiff sent to Mr. Garris, on or about November 10, 2017, speaks for itself. Defendant denies any remaining allegations in Paragraph 22 of the Complaint.

23. Defendant does not have information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint and therefore denies them.

24. Defendant states that on or about January 5, 2018, Defendant began an investigation into reports concerning Mr. Williams. Defendant denies any remaining allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant states that on or about March 27, 2018, Defendant terminated Plaintiff's employment due to performance issues. Defendant denies any remaining allegations in Paragraph 28 of the Complaint.

## **FIRST CAUSE OF ACTION**
(Retaliation in Violation of O.R.C. 4112.02(I))

29. In response to the allegations in Paragraph 29 of the Complaint, Defendant incorporates its admissions, denials and statements in Paragraphs 1 through 28 of this Answer.

30. Defendant states that, during the course of his employment, Plaintiff participated in an investigation into reports concerning Mr. Williams. Defendant denies any remaining allegations in Paragraph 30 of the Complaint.

31. Defendant states that the allegations in Paragraph 31 are legal conclusions to which no response is required. To the extent this Court requires a response, Defendant states that the

allegations in Plaintiff's Complaint describe his participation in protected activity. Defendant denies any remaining allegations in Paragraph 31 of the Complaint.

33. Defendant denies that it retaliated against Plaintiff. Defendant denies any remaining allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

## SECOND CAUSE OF ACTION
(Retaliation in Violation of O.R.C. 4112.02(I))

35. In response to the allegations in Paragraph 35 of the Complaint, Defendant incorporates its admissions, denials and statements in Paragraphs 1 through 34 of this Answer.

36. Defendant states that, during the course of his employment, Plaintiff participated in an investigation into reports concerning Mr. Williams. Defendant denies any remaining allegations in Paragraph 36 of the Complaint.

37. Defendant states that the allegations in Paragraph 37 are legal conclusions to which no response is required. To the extent this Court requires a response, Defendant states that the allegations in Plaintiff's Complaint describe his participation in protected activity. Defendant denies any remaining allegations in Paragraph 37 of the Complaint.

38. Defendant denies that it retaliated against Plaintiff. Defendant denies any remaining allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies each and every allegation in the Complaint and prayer for relief contained within the Conclusion that is not specifically admitted herein to be true.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, because Defendant maintained policies prohibiting discrimination, harassment, and retaliation and a procedure for the resolution of complaints alleging discrimination, harassment, or retaliation. Defendant exercised reasonable care to prevent and correct promptly any discriminatory, harassing or retaliatory conduct, and Plaintiff unreasonably failed to properly take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

3. Plaintiff's claims fail because none of the adverse employment actions alleged in Plaintiff's Complaint are connected in any way to Plaintiff's participation in any protected activity.

4. Plaintiff's claims fail because Defendant performed its legal duty to take prompt remedial measures in response to reports made by Plaintiff.

5. Plaintiff is estopped by his own acts or omissions from bringing some or all of the claims in the Complaint.

6. Plaintiff's claims are barred, in whole or in part, because he failed to mitigate his damages, the existence of which Defendant denies.

7. To the extent Plaintiff is seeking punitive damages, such claims would be barred because the award of such damages would violate Defendant's rights under the Constitutions of the State of Ohio and the United States of America.

8. To the extent Plaintiff is seeking punitive damages, such claims would be barred because the alleged acts or omissions of Defendant does not rise to the level required to sustain an award of punitive damages, do not evidence malicious, reckless, or fraudulent intent to deny

6

Plaintiff his protected rights, are not so wanton or willful as to support an award of punitive damages, and do not otherwise entitle Plaintiff to punitive damages.

9. Any damages recovered by Plaintiff must be offset by any compensation (monetary or non-monetary) that Plaintiff received or could have received during the period covered by any damage award.

10. To the extent Plaintiff is seeking punitive damages, the availability of such damages is limited by R.C. § 2315.21.

11. To the extent Plaintiff is seeking compensatory damages, the availability of such damages is limited by R.C. § 2315.18.

12. Plaintiff's claims are barred, in whole or in part, by operation of the doctrines of estoppel, accord and satisfaction, laches, waiver and consent.

13. Plaintiff's damages are barred, in whole or in part, because Defendant made a good faith effort to comply with applicable law.

14. Plaintiff's claims are barred because Defendant did not proximately cause injury to Plaintiff.

15. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

16. Plaintiff's claims are barred by the doctrine of after-acquired evidence.

17. Plaintiff seeks damages that are not available in this case.

18. Defendant expressly reserves the right to assert and pursue additional defenses that may become known through discovery or otherwise.

WHEREFORE, Defendant demands that the claims against it raised in the Complaint be dismissed in their entirety with prejudice, that judgment be entered in Defendant's favor, and that

it recover its costs and expenses, including reasonable attorneys' fees, and such other and further relief to which Defendant may be entitled at law or in equity or as this Court deems just and appropriate.

Respectfully submitted,

*/s/ Andrew S. Haring*
John Gerak (0075431)
Andrew S. Haring (0087213)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Key Tower
127 Public Square, Suite 4100
Cleveland, OH 44114
216.241.6100
216.357.4733 (FAX)
john.gerak@ogletree.com
andrew.haring@ogletree.com

*Attorneys for Defendant Pilot Travel Centers LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2018, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>*/s/ Andrew S. Haring*
>*One of the Attorneys for Defendant Pilot Travel Centers LLC*

35580496.1